## ARNOLD v. KEARNEY and others.

*(Circuit Court, N. D. Illinois.* February 7, 1887.)

DEPOSITION—REFUSAL OF WITNESS TO SIGN—REMOVED CASE.

In a cause begun in a state court, and subsequently removed to a federal court, the deposition of a witness was taken previous to removal by a short-hand writer. Before the short-hand notes were written out for reading to the witness and signature by him, according to the requirements of the state statute, the cause was removed. Then the witness refused to sign his deposition. *Held,* that the federal court had no jurisdiction over the taking of the deposition, and could not compel the witness to sign it.

In Equity.

*Tenney, Bashford & Tenney,* for complainant.
*Moses & Newman,* for witness.

BLODGETT, J., *(orally.)* This case presents a somewhat novel question. The suit is a bill in equity, commenced in the state court, and after an answer had been filed, but before an issue had been made by filing a replication, the complainant, on notice duly served, and, as far as I can see, in conformity with the Illinois statute in that regard, proceeded to take the deposition of a witness. The deposition was taken, in what is now a common mode of procedure in this city, by a short-hand writer, and, after the witness had been interrogated on the part of the complainant, and cross-examined by the defendant, the matter was suspended until the short-hand writer could write out the deposition. After this examination was so far closed, and before the testimony was written out, the suit, on application of the complainant, was removed to this court, and the record sent here. After the case had been docketed in this court, the complainant applied to the witness to go before the notary, and sign and verify the deposition, which had been in the mean time reduced to writing; and this the witness refused to do, saying, in substance, that he had been so advised by defendants' attorney. The court is now asked to compel the witness to complete his deposition by signing and swearing to it.

I am of opinion that this court has no jurisdiction to enforce the proposed order, because whatever was done towards taking the deposition was done while the case was within the jurisdiction of the state court, and before this court acquired jurisdiction of it. It seems to me to be one of those inchoate proceedings which must fall with the removal of the case from the state court. The deposition was not completed under the statutes of Illinois until it had been read to the witness, or read by him and signed and sworn to by him. Why the defendants' attorney advised him not to sign it is not disclosed, and I do not think it is material, for the purposes of this question, that it should be shown. It is enough that whatever was done by the witness was done under the jurisdiction of the state court, and if that court cannot enforce it,— and I have no idea that it can,—then the jurisdiction to enforce whatever remains undone is lost.

I do not attach much force to the suggestion, made in behalf of the witness, that the case was removed to this court on the application of the complainant, and that the latter, having removed his case, cannot complain of the loss of this deposition, because it is lost by his own act, as it seems to me to make no difference who removed the case; but the difficulty is that this witness had not yet made his deposition when the case was removed, and as the state court has lost jurisdiction of the witness, and he never was within the jurisdiction of this court, there is no power in this court to compel a completion of the deposition. The question is a novel one, and, so far as I have been able to examine, with the industry of counsel to aid me, I do not find that it has ever been raised or decided. I think the proceeding is one which must be held to have fallen between the two jurisdictions, and the inconvenience is one which must be borne as an incident to the right to remove cases from the state to the federal courts, and also as an incident to the practice of taking down testimony by short-hand, to be afterwards written out at length, and then completed by the signature and oath of the witness.

The motion is overruled.